UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-23564-CIV-O'SULLIVAN

[CONSENT CASE]

| | |
|---|---|
| JOSE FRANCISCO MARADIAGA SOTO, and all others similarly situated under 29 U.S.C. 216(b),<br><br>          Plaintiffs,<br>    vs.<br><br>DIMITRI CONSTRUCTION SERVICES CORP., and RICARDO A DIMITRI,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENTAGREEMENT AND STIPULATED DISMISSAL WITH PREJUDICE

The Parties, Plaintiff, JOSE FRANCISCO MARADIAGA SOTO ("Plaintiff"), and

Defendants, DIMITRI CONSTRUCTION SERVICES CORP., and RICARDO A

DIMITRI,(collectively, "Defendants"), (collectively, the "Plaintiff" and "Defendants" referred to

as the "Parties"), by and through their respective undersigned counsel, file this Joint Motion for

Approval of the Parties' Settlement Agreement and Stipulated Dismissal with Prejudice, and

respectfully state as follows:

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a

compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be

approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th

Cir. 1982).  To approve the settlement, the Court should determine that the compromise is a fair

and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354.  If the

settlement terms meet the aforementioned criteria, the Court should approve the settlement in

order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc*., 545 F.2d 537, 539 (5th Cir. 1977).

A bona fide dispute exists between Plaintiff and Defendants in this case regarding Plaintiff's claims for overtime wages under 29 U.S.C. 201-216 and the alleged damages associated with same. Since the appearance of Defendants, the Parties have been exploring, in good faith, settlement possibilities. The Parties attended mediation, after having conducted depositions and exchanging written discovery, but reached an impasse at same. The Parties continued to explore settlement and have finally reached a settlement to avoid risks and additional expenses associated with continued litigation of this matter, including trial. Counsel have zealously represented their clients' respective interests and have negotiated a settlement that is acceptable to Plaintiff and Defendants. Per Plaintiff's calculation of the documents propounded by Defendants, Plaintiff believes the amount Plaintiff is to receive under the Settlement Agreement would be the full amount he would be entitled to liquidated had this matter gone to Trial. Although Defendants contest liability in this action, and do not admit or concede any liability or responsibility for damages or any other legal or equitable relief, Defendants understand that in the litigation process, litigants always face significant risk of an adverse result, and continued litigation would require substantial preparation and discovery, and could result in exorbitant fees in costs. Therefore, the amount received by Plaintiff as set forth in the Agreement is potentially more than Plaintiff would have recovered had the Parties gone to trial due to the uncertainty of litigation from Defendants' perspective.

As a condition for dismissal, the parties agree to dismissal of this action on the condition that the Court retains jurisdiction to enforce the terms of the Settlement Agreement., see *Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272, 1280 (11th Cir. 2012). The Parties' settlement

agreement is attached hereto as Exhibit "A" along with a proposed text of the order approving settlement and dismissal with prejudice and agree each Party shall bear its own attorneys' fees and costs except as otherwise stated in the Settlement Agreement.

WHEREFORE, the said Parties respectfully request that the Court enter an Order: (1) approving the terms of the attached Settlement Agreement; (2) dismissing this action with prejudice pursuant to the Parties' stipulated settlement and dismissal; (3) retaining jurisdiction over enforcement of the settlement; and (4) denying as moot all pending motions.

**Dated:** February 6th , 2017.

| | |
|---|---|
| J.H. ZIDELL, P.A. | PECKAR & ABRAMSON |
| *Attorney for Plaintiff* | *Attorneys for Defendants* |
| 300 71st Street, Suite 605 | One SE Third Ave., Suite 3100 |
| Miami Beach, Florida  33141 | Miami, Fl 33131 |
| Telephone: (305) 865-6766 | Telephone:  305-358-2600 |
| Facsimile: (305) 865-7167 | Facsimile:  305-375-0328 |
| | |
| | |
| By: s/ Rivkah F. Jaff | By:  s/ Neal I. Sklar |
|    Rivkah F. Jaff,  Esq. | Neal I. Sklar, Esq. |
|    Fla. Bar No.: 107511 | Fla. Bar No.: |
|    Rivkah.Jaff@gmail.com |  NSklar@pecklaw.com |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-23564-CIV-O'SULLIVAN

[CONSENT CASE]

| | |
|---|---|
| JOSE FRANCISCO MARADIAGA SOTO, and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| DIMITRI CONSTRUCTION SERVICES CORP., and RICARDO A DIMITRI, | ) ) ) |
| Defendants. | ) ) ) |
| _____ | ) |

### ORDER APPROVING JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENTAGREEMENT AND STIPULATED DISMISSAL WITH PREJUDICE

Having reviewed the Settlement Agreement between the Parties, Plaintiff, JOSE FRANCISCO MARADIAGA SOTO ("Plaintiff"), and Defendants, DIMITRI CONSTRUCTION SERVICES CORP., and RICARDO A DIMITRI,(collectively, "Defendants"), (collectively, the "Plaintiff" and "Defendants" referred to as the "Parties"),it appears to the Court that due cause exists to approve settlement and dismiss the case with prejudice regarding Plaintiff's claims against Defendants with the Court to retain jurisdiction to enforce the terms of the Settlement Agreement. And therefore, it is:

**ORDERED,** and **ADJUDGED** that the Settlement Agreement is hereby **APPROVED**in its entirety by the Court under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and this case is **DISMISSED WITH PREJUDICE** with the Court to retain jurisdiction to enforce the terms of the Settlement Agreement. All pending motions in this case are DENIED as moot, and this case is CLOSED.

**DONE AND ORDERED** in chambers, at Miami, Florida, this _____ day of _____ 2017.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record