# SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE[1]

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE (THIS "AGREEMENT") is entered into by and among DIMITRI CONSTRUCTION SERVICES CORP, including its representatives, attorneys, successors, and assigns, RICARDO A DIMITRI, including his heirs, representatives, attorneys, successors, and assigns (hereinafter collectively referred to as "Defendants"), and JOSE FRANCISCO MARADIAGA SOTO, including his heirs, representatives, attorneys, successors, and assigns, (hereinafter referred to as "Plaintiff"), (hereinafter collectively referred to as the "Parties"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release**. In consideration for the promises contained in this Agreement, the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, causes of action, and all incurred attorney's fees and costs, which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of Plaintiff's employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under:

- The Fair Labor Standards Act ("FLSA");
- The Florida Minimum Wage Act;
- Chapter 11A of the Miami-Dade County Code; and
- Any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof.

---

[1]This Settlement Agreement and Mutual General Release expressly carves out and does not affect and/or impact and/or release in any way whatsoever any claims Plaintiff now owns or holds or has owned or held or may choose to pursue against Defendants, jointly and severally, regarding workers' compensation claims and/or benefits and/or civil damages and/or personal injury claims and/or retaliation related to same arising out of Chapter 440 of the Florida Statutes and/or State and/or Federal law, arising out of his employment with Defendants, jointly and severally, including without limitation Plaintiff's Workman's Compensation Claim # OJCC 16-018021ERA, and Plaintiff shall proceed with any and all claims regarding workers compensation and/or benefits and/or civil damages and/or personal injury claims and/or retaliation related to same. Any such workers compensation and/or benefits and/or civil damages and/or personal injury claims and/or retaliation related to same are separate from this matter and Plaintiff shall proceed with them as he wishes regardless of this agreement. In particular, potential claims for workers compensation and/or benefits and/or civil damages and/or personal injury claims and/or retaliation related to same are preserved.



JFMS Jose Francisco Maradiaga Soto __ Dimitri Construction Services Corp.
__ Ricardo A Dimitri

This Agreement shall effect the release of all claims which were, or could have been, asserted by and among Plaintiff and Defendants in the lawsuit styled *Jose Francisco Maradiaga Soto and all others similarly situated under 29 U.S.C. 216(b) v. Dimitri Construction Services Corp. and Ricardo A Dimitri,* Case No.: 16-23564-O'SULLIVAN [CONSENT CASE] pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

2. **Express Carve-Out Provision:**This Settlement Agreement and Mutual General Release expressly carves out and does not affect and/or impact and/or release in any way whatsoever any claims Plaintiff now owns or holds or has owned or held or may choose to pursue against Defendants, jointly and severally, regarding workers' compensation claims and/or benefits and/or civil damages and/or personal injury claims and/or retaliation related to same arising out of Chapter 440 of the Florida Statutes and/or State and/or Federal law, arising out of his employment with Defendants, jointly and severally, including without limitation Plaintiff's Workman's Compensation Claim # OJCC 16-018021ERA, and Plaintiff shall proceed with any and all claims regarding workers compensation and/or benefits and/or civil damages and/or personal injury claims and/or retaliation related to same. Any such workers compensation and/or benefits and/or civil damages and/or personal injury claims and/or retaliation related to same are separate from this matter and Plaintiff shall proceed with them as he wishes regardless of this agreement. In particular, potential claims for workers compensation and/or benefits and/or civil damages and/or personal injury claims and/or retaliation related to same are preserved.

3. **Settlement Amount and Attorney's Fees**. In consideration of the mutual promises exchanged herein, Defendants, jointly and severally, and upon receiving a Form W9 completed and executed by J.H. Zidell, P.A., shall pay the total sum of Sixteen Thousand Dollars and 00/100 Cents ($16,000.00) (the "Settlement Funds"), which shall be issued in one gross check to the "Trust Account of J.H. Zidell, P.A.", which plaintiff's counsel shall be issued an IRS Form 1099 by Defendants, and the check shall be delivered to J.H. Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, FL 33141, not later than February 8, 2017, assuming that J.H. Zidell P.A. has provided Defendants a completed and executed W9 at least 2 business days prior to February 8, 2017. The Settlement Funds shall be held in Trust by J.H. Zidell, P.A., until Court Approval.

The Settlement Funds shall be paid by Defendants, jointly and severally, and shall be disbursed by Plaintiff's Counsel, J.H. Zidell, P.A., and allocated as follows:

i. Plaintiff shall receive the total amount of Six Thousand Five Hundred Twelve Dollars and 16/100 Cents ($6,512.16), of which Three Thousand Two Hundred Fifty-Six Dollars and 08/100 Cents ($3,256.08) represents alleged unpaid overtime and Three Thousand Two Hundred Fifty-Six Dollars and 08/100 Cents ($3,256.08) represents liquidated damages; and

ii. Plaintiff's Counsel shall receive the total amount of Nine Thousand Four Hundred Eighty-Seven Dollars and 84/100 Cents ($9,487.84), of which Eight Thousand Ninety-Five Dollars and 34/100 Cents ($8,095.34) represents attorneys' fees and One Thousand Three Hundred Ninety-Two Dollars and 50/100 Cents ($1,392.50) represents costs in this litigation.





__ Jose Francisco Maradiaga Soto
__ Ricardo A Dimitri
__ Dimitri Construction Services Corp.

Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), Plaintiff shall file a Joint Motion for Approval and Proposed Order Dismissing this case with prejudice no later than February 8, 2017. The Settlement Agreementshall be filed as an attached Exhibit along with the Joint Motion for Approval on CM/ECF.

4. **Payment Default**. Should Defendants, jointly and severally, fail to make a payment of the Settlement Funds as described above, or should any of the checks be returned for non-sufficient funds or any other reason, Plaintiff's counsel shall give written notice via e-mail to Defense Counsel, Neal I. Sklar, Esq., atnsklar@pecklaw.com. A Payment Default will not occur ifJ.H. Zidell P.A. has failed toprovided Defendants a completed and executed W9 at least 2 business days prior to February 8, 2017. In the event that Defendants, jointly and severally, cure said breach within three (3) business days of receiving written notification via e-mail, Defendants, jointly and severally, shall pay the outstanding breached payment (the Settlement Funds) and an additional Two Thousand Dollars and 00/100 Cents ($2,000.00) to the cured amount (the Settlement Funds) (totaling $18,000.00). An additional written notification is **not** required should Defendants cure the breach but fail to include the additional penalty amount of Two Thousand Dollars and 00/100 Cents ($2,000.00).In the event that Defendants, jointly and severally, fail to cure said breach including the penalty amount of an additional Two Thousand Dollars and 00/100 Cents ($2,000.00) within three (3) business days of receiving the written notification via e-mail, a final default judgment shall be entered against Defendants, jointly and severally, in the total amount of Twenty-Four Thousand Dollars and 00/100 Cents ($24,000.00). In the event of a breach, Plaintiff shall be entitled to any and all fees and costs incurred for reasonable attorneys' fees and costs for collection.

5. **Indemnification**. Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless Defendants, their directors, officers, owners, employees, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder as wages, including, without limitation, Plaintiff, the IRS, or any other person, except as to any tax withholdings that Defendants could be found legally liable for Plaintiff with regards to Plaintiff's entire employment period with the Defendants.

6. **Attorneys Not Tax Experts.** The Parties acknowledge that any attorney involved in this agreement does not claim to be an expert in tax matters. Each Party states that he/it has consulted or has had the opportunity to consult with a tax professional to fully evaluate the tax implications and consequences of this Agreement.

7. **Non-Admission Clause.** By entering into this Agreement, Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted in the Litigation, or that could have been asserted in the Litigation, including but not limited to any claim under the FLSA and expressly deny any and all such liability.





JFMS __Jose Francisco Maradiaga Soto
__ Ricardo A Dimitri

__ Dimitri Construction Services Corp.

8. **Mutual Non Disparaging Remarks**. The Parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity.

9. **Neutral Reference**: In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants shall only provide the dates and position held by Plaintiff while working for Defendants.

10. **Representation by the Parties**. The Parties represent that, as of the date that this Agreement is executed, they are not aware of any additional claims that they may have against any of the Released Parties and hereby the Parties certify that they have not filed any claim (except the Litigation released herein), and do not intend to file any claims, demands, liabilities, and causes of action against any of the Released Parties for actions that occurred prior to the date of this Agreement, related to their employment, and/or involving Plaintiff's employment, other than claims to enforce this Agreement.

11. **Confidentiality.** By receipt of the Settlement Amount set forth above, the Parties expressly agree that the terms of this settlement (including but not limited to the amount of consideration paid hereunder) will not be discussed either directly or indirectly with any past, present or future employees of the Defendants or any other persons, with the exception of: (1) this agreement may be used as evidence in any action relating to a breach of this agreement; (2) for enforcement of this agreement; (3) the Parties respective counsel; (4) the Parties respective Accountant(s); (5) for reporting to Taxing authorities; (6) the Parties respective spouse(s); (7) or when otherwise required by law.

This "Confidentiality" provision does not prohibit the Settlement Agreement from being attached as an Exhibit and filed along with the Joint Motion for Approval on CM/ECF and, in fact, the Parties have agreed that the Settlement Agreement shall be filed as an Exhibit on CM/ECF along with the Joint Motion for Approval. The Settlement Agreement shall not be filed under seal and/or for *in camera* review and nothing in this Settlement Agreement and/or "Confidentiality" provision should be interpreted as such.

12. **Future Employment.**Plaintiff agrees not to reapply for employment with Defendants in the future in any capacity whatsoever, and agrees that if he does apply, he will not be hired. Plaintiff agrees that Defendants' refusal to hire him (or his termination in the event he is inadvertently hired) is in accordance with this Agreement and not retaliatory or otherwise a violation of any law, regulation or ordinance.

13. **Jurisdiction.** The Parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Miami-Dade County, Florida.

14. **Severability**. In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and





JFMS __Jose Francisco Maradiaga Soto
__ Ricardo A Dimitri

__ Dimitri Construction Services Corp.

provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

15. **Entire Agreement**. This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

16. **Enforcement**. In the event any action is commenced to enforce said settlement agreement, the prevailing party shall be entitled to reasonable fees and costs.

17. **Voluntariness**. The Parties certify that they have fully read, negotiated, and completely understand the provisions of this Agreement, that each Party has been advised by the other to consult with an attorney before signing the Agreement, and that each Party is signing freely and voluntarily, and without duress, coercion, or undue influence.

18. **Counterparts**: This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

19. **Construction.** Plaintiff and Defendants have jointly participated in the negotiation of this Agreement and this Agreement is the product of joint draftsmanship by the Parties. In the event of an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if it was drafted jointly by the Parties and no presumptions or burdens of proof shall arise favoring any party by virtue of authorship of this Agreement.

20. **Headings**. The Parties agree that the headings used in this Agreement are for convenience and reference only and in no way define, describe, extend, or limit the scope or intent of this Agreement or the intent of any provision in it.

21. **Cooperation**. The Parties agree to cooperate fully in the execution of any documents or performance in any way which may be reasonably necessary to carry out the purposes of this Agreement and to effectuate the intent of the Parties hereto.

22. **Translation:**By signing this Agreement, Plaintiff certifies that this Agreement has been translated for him by an attorney and that he fully understands the terms of this Agreement. **TRADUCCIÓN: AL FIRMAR ESTE ACUERDO, EL DEMANDANTE CERTIFICA QUE ESTE ACUERDO HA SIDO TRADUCIDO PARA ÉL POR UN ABOGADO Y ELENTIENDE COMPLETAMENTE LOS TÉRMINOS DE ESTE ACUERDO.**

# [SIGNATURES ON FOLLOWING PAGE]



JFMS ___Jose Francisco Maradiaga Soto

__ Ricardo A Dimitri

__ Dimitri Construction Services Corp.

**JOSE FRANCISCO MARADIAGA SOTO**

**By:** ______________________
**JOSE FRANCISCO MARADIAGA SOTO**

**Date:** 2-6-2017

**DIMITRI CONSTRUCTION SERVICES CORP.**

**By:** ______________________
**Name:**
**Title:**
**Date:** ______________________

**RICARDO A DIMITRI**

**By:** ______________________
**RICARDO A DIMITRI**



JFMS ___Jose Francisco Maradiaga Soto
__ Ricardo A Dimitri

__ Dimitri Construction Services Corp.